ARTHUR K. BROWN, RECEIVER OF AMERICAN ALKALI COMPANY, v. ISAAC N. MORTON.

Argued February 16, 1904—Decided June 13, 1904.

1. A provision in the certificate of incorporation of a company organized under our present act concerning corporations, to the effect that the stockholders of record on the books of the company, when assessments or calls for the unpaid amount of subscriptions for stock are made, shall be liable therefor, is not inconsistent with the statute.
2. Such a provision is binding upon a person who became a stockholder after the company was organized, and who, when the assessment was made, had sold his stock and given the company notice of the sale, but had not surrendered his certificate of stock or informed the company of the name of his vendee.

On demurrer to plea.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, GARRISON and SWAYZE.

For the plaintiff, *F. Morse Archer.*

For the defendant, *William T. Hilliard.*

The opinion of the court was delivered by

Dixon, J. The eighth section of our act concerning corporations (*Pamph. L.* 1896, *p.* 277; *Pamph. L.* 1898, *p.* 407), after directing that every certificate of incorporation shall set forth certain matters, further enacts that "the certificate of incorporation may also contain any provision which the incorporators may choose to insert for the regulation of the business and for the conduct of the affairs of the corporation, and any provision creating, defining, limiting and regulating the powers of the corporation, the directors and the stockholders; *provided,* such provision be not inconsistent with this act."

The certificate incorporating the American Alkali Company, filed April 29th, 1899, contained the following: "After payment of $10 per share on the preferred stock, the subscribers thereto shall not be liable for any balance of their subscription excepting upon such shares as shall stand of record on the books of the company in their names at the time when any subsequent assessment or calls are made, but the holder of such shares of record on the books of the company at that time, and they only, shall be liable for the same."

On September 12th, 1901, the board of directors of the company passed a resolution levying a call of $10 per share on the holders of the preferred stock of record on September 16th, 1901, $10 per share having previously been paid by the subscribers for such stock, and on October 30th, 1901, this resolution was ratified by the stockholders. Subsequently, on proceedings in the Circuit Court of the United States for the district of New Jersey, the receivers of the company were ordered to collect $2.50 per share of that call.

On September 16th, 1901, the defendant was the holder of four hundred shares of the preferred stock of the company of record on the books of the company, and the present suit is brought by the surviving receiver to collect the amount of the installment due upon said shares.

To a declaration alleging the above facts, the defendant pleaded that before September 16th, 1901, he sold and trans-

ferred the said shares and delivered the certificate thereof, properly assigned, to the purchaser, and gave the company notice thereof, and has not since been the owner of any of said stock. On this plea the plaintiff demurs, and the only question raised thereon by counsel is as to the sufficiency of the plea.

Evidently, if the clause above recited in the certificate of incorporation is obligatory on the defendant, the plea is inadequate. It does not allege that the certificate of stock was surrendered to the company and the name of the purchaser given, so as to enable the company to record the transfer and show on its books the real stockholder responsible on the shares. As by the statute (*Pamph. L.* 1896, *p.* 283, §§ 19, 20) every stockholder is to have a certificate certifying the number of shares owned by him, and the stock is made transferable on the books of the corporation, the company could not be required to erase from its books the defendant's name as stockholder while a certificate showing him to be the holder of stock was outstanding.

Hence the question arises whether the certificate of incorporation is obligatory on the defendant.

The defendant first insists that the clause recited is inconsistent with the statute, because section 21 of the act imposes the duty of paying the sum necessary to complete the amount of each share upon the *stockholder*—that is, he contends, the actual, not the registered, stockholder.

For present purposes it might be enough to call attention to the fact that the claim of the plaintiff does not rest on that section. It depends on section 22, and the statute does not specify any mode of collecting assessments made under that section, except by sale of the stock, under section 23. A provision making registered stockholders personally liable for such assessments is an addition to, but not inconsistent with, that remedy.

Even with section 21 the certificate of incorporation is not inconsistent, at least so far as it enables the company to hold its stockholders until they have entitled themselves to be discharged on its books, and limits the power of stockholders

to release themselves in the same manner. Such a right in the company need not impair its claims upon the actual stockholders. Thus, in any aspect, the certificate of incorporation does not overstep the bounds prescribed by section 8 of the statute.

The defendant further urges that as he was not an original subscriber for stock he is not chargeable with knowledge of the certificate of incorporation, and hence is not bound by its terms.

We think the law is to the contrary. By becoming a stockholder, he assumes the obligations which the lawful provisions of the certificate attach to that relationship. Those provisions take the place and possess the qualities of a charter granted by the legislature and form a contract between the company and the stockholders. *Ellerman* v. *Chicago Junction Railroad Co.,* 4 *Dick. Ch. Rep.* 217; *Loewenthal* v. *Rubber Co.,* 7 *Id.* 440; *Clearwater* v. *Meredith,* 1 *Wall.* 25, 40; *Oregon Railroad Co.* v. *Oregonian Railroad Co.,* 130 *U. S.* 1.

The plaintiff is entitled to judgment on the demurrer.

In the case of the same plaintiff against Warren M. Morton, the same conditions exist and the same judgment should be entered.